SEYFARTH SHAW LLP
Kenneth L. Wilton (SBN 126557)
kwilton@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

SEYFARTH SHAW LLP
Vincent M. Smolczynski (*pro hac vice* to be filed)
vsmolczynski@seyfarth.com
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

Attorneys for Plaintiffs
MONTAIGU DEVELOPPEMENT AND
SOCIETE INDUSTRIELLE DE MATIERES
PLASTIQUES

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

MONTAIGU DEVELOPPEMENT, a French corporation, and SOCIETE INDUSTRIELLE DE MATIERES PLASTIQUES, a French corporation,

Plaintiff,

v.

MARKWINS BEAUTY PRODUCTS, INC.,

Defendant.

Case No.

**COMPLAINT FOR PATENT INFRINGEMENT; JURY DEMANDED**

**<u>COMPLAINT FOR PATENT INFRINGEMENT</u>**

Plaintiffs Montaigu Developpement and Societe Industrielle De Matieres Plastiques (“Plaintiffs”), by and through their counsel, Seyfarth Shaw LLP, for their

Complaint against Defendant Markwins Beauty Products, Inc. ("Defendant"), allege as follows:

## JURISDICTION AND VENUE

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, stemming from Defendant's actions of making, having made, using, selling, having sold, offering to sell, and/or importing or having imported into the United States, products that directly infringe, contributorily infringe, and/or induce others to infringe, the claims of U.S. Patent No. 9,032,972 ("the '972 Patent").

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant, because Defendant has committed the acts complained of herein in this Judicial District, resides in this Judicial District, and is registered to do business in and is regularly, systematically and continuously doing business within this Judicial District and the State of California.

4. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b), (c) and 1400(b) because, *inter alia*, upon information and belief, Defendant resides and transacts business in this Judicial District; and Defendant engaged in one or more acts of infringement within this Judicial District, including, *inter alia*, selling and/or offering to sell products that the '972 Patent to citizens located within this Judicial District, which acts are the subject matter of this action.

## THE PARTIES

5. Plaintiff Montaigu Developpement is a corporation organized under the laws of the country of France, having its principal place of business at 62 Rue de Montaigu, Chambourcy, 78240 France ("Montaigu").

6. Plaintiff Societe Industrielle De Matieres Plastiques is a corporation organized under the laws of the country of France, having its principal place of business at 25 Rue de l'Industrie, Draveil 91210, France ("SIMP").

7. Upon information and belief, Defendant is a California corporation having its principal place of business at 22067 Ferrero Parkway, City of Industry, California 91789.

## FACTUAL BACKGROUND

8. The ‘972 Patent, titled “Device for Applying a Fluid to Keratin Fibres,” was duly and lawfully issued on May 19, 2015 (attached as Exhibit A is a true and correct copy of the ’972 Patent).

9. Montaigu is the owner of all right, title, and interest in and to the ‘972 Patent. SIMP is the exclusive licensee of the ‘972 Patent.

10. Defendant is making, using, selling, and offering to sell, and/or importing into the United States, mascara and other beauty products under the trade name “Wet ‘n Wild.” In particular, under the Wet ‘N Wild tradename, Defendant is making, using, selling, and offering to sell the MaxFanatic Cat Eye Mascara product. Attached as Exhibit B is a photograph of Defendant’s Wet ‘N Wild MaxFanatic Cat Eye Mascara product.

## COUNT ONE

**(Infringement of U.S. Patent No. 9,032,972)**

11. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 10 of this Complaint as if fully set forth herein.

12. Upon information and belief, Defendant, without permission , license or authority from Plaintiffs, has been and is now literally, or by the Doctrine of Equivalents, directly infringing, inducing infringement and/or contributing to the infringement of the ‘972 Patent by making, using, offering for sale or selling articles embodying the inventions claimed in the ‘972 Patent in the United States.

13. Upon information and belief, Defendant’s Wet ‘N Wild MaxFanatic Cat Eye Mascara products embody one or more of the inventions claimed in the ‘972 Patent, including but not limited to claim 1, in violation of 35 U.S.C. § 271.

14. Upon information and belief, Defendant has and will continue to literally, or by the Doctrine of Equivalents, directly infringe, induce infringement, and/or contribute to the infringement of the ‘972 Patent by making, using, offering to sell or selling articles that embody the inventions claimed in the ‘972 Patent unless enjoined by this Court.

15. Upon information and belief, Defendant has notice of its infringing conduct in connection with at least one of Defendant’s products as prescribed by 35 U.S.C. § 287.

16. Upon information and belief, Defendant’s infringement is and has been willful.

17. Defendant’s actions and infringement of the ’972 Patent have caused, and continue to cause, damages to Plaintiffs, in an amount to be determined at trial.

18. Defendant’s actions and infringement of the ‘972 Patent have caused, and continue to cause, irreparable injury to Plaintiffs, and unless and until Defendant is enjoined, Plaintiffs will continue to suffer irreparable injury because of Defendant’s conduct.

19. Plaintiffs have no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Montaigu and SIMP pray that this Court:

(a) enter judgment that Defendant has infringed the ’972 Patent;

(b) enter an order preliminarily and permanently enjoining Defendant, and its respective parents, subsidiaries, affiliates, officers, directors, agents, employees, successors, attorneys, distributors, and all persons in active concert or participation with them, from making, causing to be made, selling, offering to sell, causing to be sold, and/or importing or causing to be imported into the United States any products that directly infringe, contributorily infringe, or induce others to infringe the claims of the ’972 Patent, pursuant to 35 U.S.C. § 283;

(c) ordering Defendant to pay to Montaigu and SIMP the damages that they have incurred as a result of the acts complained of herein, including an award to Plaintiffs of their lost profits as a result of the acts complained of herein, or, at a minimum, an

award to Plaintiffs of a reasonable royalty as a result of the acts complained of herein, and that any such damage award be trebled pursuant to 35 U.S.C. § 284;

(d) ordering Defendant to pay to Montaigu and SIMP interest, costs and expenses of this action, and reasonable attorneys' fees, pursuant to 35 U.S.C. § 284, as a result of the acts complained of herein; and

(e) awarding Montaigu and SIMP any other relief that this Court deems just and proper.

SEYFARTH SHAW LLP

DATED: March 21, 2016 By: */s/ Kenneth L. Wilton*
Kenneth L. Wilton
Attorneys for Plaintiffs
MONTAIGU DEVELOPPEMENT AND SOCIETE INDUSTRIELLE DE MATIERES PLASTIQUES

**JURY DEMAND**

In accordance with Rules 38 and 39 of the Federal Rules of Civil Procedure, Montaigu and SIMP assert their rights and demand a trial by jury on all issues triable by a jury.

SEYFARTH SHAW LLP

DATED: March 21, 2016 By: */s/ Kenneth L. Wilton*
Kenneth L. Wilton
Attorneys for Plaintiffs
MONTAIGU DEVELOPPEMENT AND SOCIETE INDUSTRIELLE DE MATIERES PLASTIQUES